# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:                                           )      Chapter 7 Proceeding
                                                 )
Little Lamb Scholastic Academy, Inc.             )      Case No.: 10-05268
                                                 )
Debtor.                                          )      Hon. Pamela S. Hollis
                                                 )

## NOTICE OF MOTION

| Little Lamb Scholastic Academy, Inc. | Forrest L. Ingram |
| 10126 S. Western Ave. | 79 W. Monroe St., Suite 900 |
| Chicago, IL 60643 | Chicago, IL 60603 |
| *Debtor* | *Debtor's Attorney* |
| Via U.S. Mail | Via CM/ECF & facsimile |
| William T. Neary | Mr. Norman B. Newman |
| Office of the U.S. Trustee, Region 11 | Much Shelist Feed Deneberg |
| 219 S. Dearborn St., Room 873 | 191 N. Wacker Dr., Suite 1800 |
| Chicago, IL 60604 | Chicago, IL 60601 |
| *Trustee* | *Bankruptcy Trustee* |
| Via CM/ECF | Via CM/ECF |

**PLEASE TAKE NOTICE** that on March 30, 2010 at 9:30 a.m. or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Pamela S. Hollis, Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, courtroom 644, or before any other judge who may be sitting in her stead, and shall then and there present the attached: MOTION FOR SANCTIONS.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on March 22, 2010 he caused the above-listed parties to be served by United States Postal Service by first class mail, postage prepaid, from 330 N. Wabash Avenue, Chicago, Illinois 60611, before 5:00 P.M. on that date, a copy of the foregoing Notice of Motion and Motion for Sanctions, or electronically by virtue of the CM/ECF system, as indicated above.

                                                  /s/ Alan Ehrenberg
                                     Alan Ehrenberg
                                     aehrenberg@ehrenbergeganlaw.com
                                     EHRENBERG & EGAN, LLC
                                     330 N. Wabash Avenue, Suite 2905
                                     Chicago, Illinois 60611
                                     (312) 253-8640

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Proceeding |
| | ) | |
| Little Lamb Scholastic Academy, Inc. | ) | Case No.: 10-05268 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |
| | ) | |

## **MOTION FOR SANCTIONS**

Highland Community Bank ("Highland"), by its attorneys Ehrenberg & Egan, LLC, moves this Court for entry of an order for sanctions awarding Highland its fees and costs, pursuant to Bankruptcy Proc. Rule 9011(b)(1) and in support thereof, states as follows:

1. Highland is a secured creditor of the Debtor herein. Highland's security consists of a mortgage on a property commonly known as 10126 South Western Avenue, Chicago, IL 60643.

2. On December 7, 2009 Little Lamb Scholastic Academy, Inc. ("Debtor") filed a petition for relief under 11 U.S.C. Chapter 11 (09-46211).

3. On February 9, 2010 said petition was dismissed voluntarily by the Debtor's attorney on the day of hearing on the Highland's motion to modify the stay.

4. At said hearing, Debtor's counsel represented to the court that the Debtor had no defense to the motion of Highland to modify the stay. (*See* Transcript of February 9 hearing, Page 3, Line 9, attached hereto as Exhibit A).

5. After the entry of the order dismissing the case and modifying the stay the foreclosure sale (that was on hold due to the Debtor's bankruptcy) was reset to February 12, 2010. This was the third time the sale had been reset due to the Debtor's efforts.

6. Two days later, on February 11, 2010, the eve of the judicial sale of the aforementioned property, the Debtor filed the above-captioned Chapter 7 petition for no other reason than to harass, cause unnecessary delay, and needlessly increase the cost of litigation.

7. On February 23, 2010 (and scheduled for March 30, 2010) the Debtor filed its motion to dismiss the Chapter 7 petition herein, alleging that "after a conversation with the sole secured creditor (Highland), the debtor's counsel is convinced that there is no equity in the secured property." (*See* Debtor's Motion to Dismiss, attached hereto as Exhibit B).

8. This allegation by the Debtor is only partially correct. Said conversation took place prior to the Debtor filing its Chapter 7 petition.

9. Moreover, as previously stated, the Debtor's attorney admitted in open court only two days earlier (in the Chapter 11 case) that Debtor had no defense to the action.

10. On February 26, 2010 Highland brought a motion to modify the stay in the current bankruptcy, and said motion was granted on March 4, 2010. This allowed Highland to reset the judicial sale for the fourth time at Highland's expense.

11. On information and belief the Debtor is still conducting business notwithstanding the filing of this Chapter 7 case which is in violation of the bankruptcy code.

12. Fed. Rules Bankruptcy Proc. Rule 9011(b)(1) states in relevant part as follows: "By presenting the court a petition…, an attorney…is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the costs of litigation."

13. It is evident from the record - including but not limited to the transcript (Exhibit A) and Debtor's misrepresentation in its motion to dismiss (Exhibit B) - that the filing of this

chapter 7 case was filed for no other purpose than to harass Highland, cause unnecessary delay in allowing Highland to proceed with its foreclosure sale, and increase the cost of litigation by causing Highland to re-publish for the foreclosure sale and payments of additional attorneys fees to modify the stay in this and the previous chapter 11 case that was filed by the debtor.

14. Moreover, it has virtually been admitted by the Debtor that it had no legal basis whatsoever to file the petition herein.

15. The following are fees and costs associated with the bad faith filing of the debtor's chapter 7 petition:

| Fees: | Hours | Amount |
|---|---|---|
| a) Review new chapter 7 petition and email to client and Forrest Ingram | .4 | $112.00 |
| b) Research sanctions against attorney; start draft of motion/modify and for sanctions | 2.8 | $784.00 |
| c) Review transcript to complete Rule 90 letter | 1.2 | $336.00 |
| d) Calls to Norm Newman re: closing school | .4 | $112.00 |
| e) Calls to Forrest Ingram re: sale and chapter 7 bankruptcy | .4 | $112.00 |
| f) Emails to and from Forrest Ingram re: sale and Bankruptcy | .6 | $168.00 |
| g) Drafted motion to modify stay | 1.5 | $420.00 |
| h) Court appearance – motion to modify stay | 1.0 | $280.00 |
| | TOTAL FEES: | $2,324.00 |

Costs:

| | |
|---|---|
| Transcript | $25.00 |
| Motion/lift stay filing fee | $150.00 |
| Intercounty Judicial Sale date | $300.00 |
| Publication fee | $500.00 |
| TOTAL COSTS: | $975.00 |

WHEREFORE, Highland Community Bank prays that this Court enter an order finding: that the Law Office of Forrest L. Ingram violated the provisions of Bankruptcy Rule 9011 (b)(1); for costs and attorneys fees in the amount of $3,299.00 to be paid by the Law Office of Forrest L. Ingram to Highland Community Bank; and for any other relief the court deems just and proper.

                                    HIGHLAND COMMUNITY BANK

                                    By:    /s/ Alan I. Ehrenberg
                                           Alan I. Ehrenberg

Alan I. Ehrenberg
aehrenberg@ehrenbergeganlaw.com
Ehrenberg & Egan, LLC
330 N. Wabash Ave., Suite 2905
Chicago, IL 60611
(312) 253-8640